**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VALERIE BERNICE MOORE,<br><br>Petitioner,<br><br>v.<br><br>DESIRAE B.M. MOORE,<br><br>Respondent. | Case No.:  3:26-cv-2988-RBM-SBC<br><br>**ORDER:**<br><br>**(1) CONSTRUING PETITION FOR HABEAS CORPUS UNDER 28 U.S.C. § 2241 AND**<br><br>**(2) DISMISSING CASE WITHOUT PREJUDICE** |

Petitioner, currently in custody at Los Colinas Detention and Reentry Facility and proceeding pro se, has filed a Petition for Writ of Habeas Corpus.[1]  (Doc. 1.)

<h3 style="text-align:center">I.   BASIS FOR PETITION</h3>

Although Petitioner filed this action pursuant to 28 U.S.C. § 2254, Petitioner states she is a pretrial detainee being "illegally held" and appears to be, at least in part, attacking the validity of her pre-trial detention status.  (*See* Doc. 1 at 3.)  Section 2254 applies to prisoners who are in custody pursuant to a final state court conviction.  *White v. Lambert*,

---

[1] The Petition was originally filed in the United States District Court for the Central District of California and was transferred to this Court on May 11, 2026.  (*See* Docs. 6, 7.)

1

370 F.3d 1002, 1009–10 (9th Cir. 2004). In contrast, 28 U.S.C. § 2241 provides the authority for granting habeas relief to a person "who is not in custody pursuant to a state court judgment" but, rather, who is in custody for some other reason, such as pretrial detention. *Id*. at 1006; *see also Stow v. Murashige*, 389 F.3d 880, 886 (9th Cir. 2004) (explaining that § 2241's general grant of habeas authority is available to someone who is not in custody pursuant to a state court judgment, such as someone "in pre-trial detention or awaiting extradition."); *McNeely v. Blanas*, 336 F.3d 822, 824 & n.1 (9th Cir. 2003) (allowing a California pretrial detainee asserting a speedy trial claim to proceed under § 2241).

Accordingly, the Court construes the Petition as one brought pursuant to 28 U.S.C. § 2241. *See Stow*, 389 F.3d at 885–88 (holding that pretrial detainee's double jeopardy challenge, filed under § 2254, should be treated as a § 2241 petition).

## II.    FAILURE TO SATSIFY FILING FEE REQUIREMENT

The Petition, however, must be dismissed because Petitioner has not paid the $5.00 filing fee and has not moved to proceed *in forma pauperis*. A Petition for Writ of Habeas Corpus must either be accompanied by a $5.00 filing fee or an application to proceed *in forma pauperis*. *See* Local Rule 3(a), 28 U.S.C. foll. § 2254; *see also* Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), Habeas Rule 3(a).[2] Thus because the filing fee has not been satisfied, the case is **DISMISSED**.

## III.    CONCLUSION AND ORDER

Accordingly, the Court **CONSTRUES** the petition under 28 U.S.C. § 2241 but **DISMISSES** the case without prejudice for failure to satisfy the filing fee requirement. If Petitioner wishes to proceed with this action, she must submit a copy of this Order with the

---

[2] A habeas petition brought pursuant to 28 U.S.C. § 2241 is subject to the same fee requirement as a petition brought pursuant to 28 U.S.C. § 2254. *See* Habeas Rule 1(b) (providing that district courts may apply the Habeas Rules to habeas petitions not brought pursuant to 28 U.S.C. § 2254).

requisite $5.00 fee or adequate proof she cannot pay the fee **no later than <u>June 30, 2026</u>**. For Petitioner's convenience, the Clerk of Court shall attach to this Order, a blank application to proceed in forma pauperis.

   **IT IS SO ORDERED.**

Dated:  May 18, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

3:26-cv-2988-RBM-SBC